**Billy R. THOMPSON, Plaintiff,**

v.

**The REGIONAL MEDICAL CENTER AT MEMPHIS, et al., Defendants.**

**No. 88–2525–4A.**

United States District Court, W.D. Tennessee, W.D.

Aug. 23, 1990.

James S. Cox, Memphis, Tenn., for plaintiff.

Gavin Gentry, Mark S. Norris, Teresa Sigmon, Memphis, Tenn., Ronald C. Leadbetter, Associate Gen. Counsel, Knoxville, Tenn., JoAnn C. Cutting, Asst. Gen. Counsel, J. Kimbrough Johnson, Gary K. Smith, Memphis, Tenn., for defendants.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

McRAE, Senior District Judge.

Before the court is the second motion for summary judgment of defendants Mark Fox, Sherry Folse, David Dodd, Peter Turk, and Andrew Kaplan. Plaintiff Billy Thompson filed a medical malpractice action against these defendants, the University of Tennessee Physicians Foundation, the Regional Medical Center at Memphis (The Med), and other doctors for alleged negligent treatment he received while at The Med. The moving defendants are doctors engaged in a residency program in conjunction with their medical education at the University of Tennessee College of Medicine and are referred to collectively as the UT Doctors. An agreement between the University of Tennessee and The Med allows these doctors to treat patients at The Med.

■ The issue presented by this motion for summary judgment is whether the UT Doctors were state employees and therefore protected by Tenn.Code Ann. § 9–8–301 *et seq.* Section 9–8–307(h) provides:

> State officers and employees are absolutely immune from liability for acts or omissions within the scope of the officer's or employee's office or employment, except for willful, malicious, or criminal acts or omissions or for acts or omissions

done for personal gain. For purpose of this chapter, "state officer" or "employee" has the meaning set forth in § 8–42–101(a)(3).

Section 8–42–101(a)(3)(A) provides in pertinent part:

"State employee" means any person who is a state official, including members of the general assembly and legislative officials elected by the general assembly, or any person who is employed in the service of and whose compensation is payable by the state, or any person who is employed by the state whose compensation is paid in whole or in part from federal funds, but does not include any person employed on a contractual or percentage basis; ...

The UT Doctors contend that they are state employees and therefore absolutely immune from liability for acts and omissions committed within the scope of their state employment under Tenn.Code Ann. § 9–8–301 *et seq.* Plaintiff contends that the UT Doctors were agents of The Med and therefore not state employees protected by the statute.

In a motion for summary judgment, the moving party bears the burden of clearly establishing the non-existence of any genuine issue of material fact, and the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the non-moving party. *Kochins v. Linden–Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir.1986). The non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(e)). In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

This court denied defendants' first motion for summary judgment in its November 21, 1989, Order on Pending Motions, because the affidavit submitted by defendants was insufficient to establish that there were no genuine issues of material fact regarding the UT Doctors' employment status or whether they were acting within the scope of their employment. The affidavit contained merely conclusory statements and provided an insufficient basis for this court to determine the material facts of this case. Defendants have since obtained the depositions of the UT Doctors and submit the depositions to support this second motion for summary judgment. These depositions more clearly state the employment status of each of the UT Doctors.

■ The parties do not dispute the material facts in this case; they dispute the legal conclusion that can be drawn from the facts. Each UT Doctor states in his or her deposition that he or she was working as a resident physician at The Med during the time in question and treated plaintiff in that capacity. Each UT Doctor also states that he or she was paid a salary by the University of Tennessee. Plaintiff does not dispute the contention that the UT Doctors acted within the scope of their employment but focuses his argument on whether the UT Doctors were state employees. Plaintiff does not dispute the fact that the UT Doctors were paid by the University of Tennessee, but attempts to recharacterize the payment received by the UT Doctors. Plaintiff contends that The Med reimbursed the University of Tennessee for the services of resident physicians and that the University of Tennessee acted merely as a conduit for compensation paid by The Med. The court disagrees with this recharacterization. The statute makes no reference to the source of funds and there is nothing in the language of the statute that suggests that an employee who is paid directly by the state is not a "state employee" if the state is reimbursed for the salary that it pays the employee.

■ Plaintiff points to a number of factors that he argues supports the finding

that the UT Doctors were agents of The Med and therefore demonstrate that there exist genuine issues of material fact for trial on the issue of defendants' agency employment status. In addition to the fact that The Med reimburses the University of Tennessee for the salaries paid to medical residents, plaintiff states that equipment, supplies, and personnel were provided by The Med for defendant resident physicians, that "call quarters" were provided by The Med to resident physicians, that meal tickets issued by the University of Tennessee were accepted by The Med for meals given to residents, and that defendant resident physicians were required to follow guidelines, rules, and hospital regulations of The Med. Plaintiff contends that Tenn.Code Ann. § 9–8–301 does not apply to the UT Doctors in their physician/patient care activities at The Med, because such application "would violate the laws of agency and certain equitable principals."

The court disagrees that the factors cited by plaintiff create a genuine issue of material fact. The most important factor in determining whether the UT Doctors were state employees as defined by the statute is whether the UT Doctors were paid by the state. Although plaintiff focuses much of his argument on agency law, this issue is to be resolved by the scope of the statute. The law of agency can guide the court in its determination of who is a state employee, however, the definition as provided in the statute provides primary guidance. The statute defines a state employee as "any person who is employed in the service of and whose compensation is payable by the state." Tenn.Code Ann. § 8–42–101(a)(3)(A). The UT Doctors' compensation was payable by the state.

Plaintiff has failed to demonstrate how an agency relationship between The Med and the UT Doctors removes the UT Doctors from the scope of Tenn.Code Ann. § 8–42–101(a)(3). Plaintiff does not argue that The Med had exclusive control over the UT Doctors but contends that The Med and the University of Tennessee shared control over the UT Doctors in a dual agency relationship. Plaintiff's argument might show that The Med may be held responsible as the principal for the actions of the UT Doctors, but it does not demonstrate that the UT Doctors were not state employees as defined by the statute.

■ Plaintiff also argues that the patient/physician relationship overrides the state/physician relationship so that an individual physician cannot make use of the immunity granted to state actors. Plaintiff cites to cases applying 42 U.S.C. § 1983 and to other state cases, but admits that there are no cases in Tennessee on the issue of whether a physician who is paid by the state of Tennessee is a state employee for immunity purposes. This court is unwilling to adopt an exception to the Tennessee state statute providing absolute immunity to state employees where there is no Tennessee law on the issue. The court is also mindful of the decision in *Eason v. Memphis and Shelby County Health Dept.*, No. 24360–9 T.D., that defendants attached to their supplemental memorandum in support of the first motion for summary judgment, filed on January 9, 1989. In *Eason*, the court held that the defendant resident physicians were employees of the University of Tennessee and granted summary judgment in their favor pursuant to Tenn.Code Ann. § 9–8–301 *et seq.*

■ Plaintiff's last argument is that because the UT Doctors received educational benefits from their residency program, they fall under the exception to immunity provided to state employees under Tenn. Code Ann. § 9–8–307(h) for "acts or omissions done for personal gain." Plaintiff cites to no cases to support this proposition but cites to an opinion of the attorney general on the subject of liability insurance for state employees. The court does not interpret the opinion, as does plaintiff, to exclude resident physicians from the immunity provisions of the statute.

The evidence demonstrates that the UT Doctors were paid a salary by the University of Tennessee. The fact that the UT Doctors were paid by the University of Tennessee shows that the UT Doctors were state employees as defined by the statute.

Plaintiff has not produced evidence to counter this conclusion, and plaintiff's arguments that agency law, the physician/patient relationship, or the fact that the UT Doctors derived some educational benefit from their residency programs requires the court to interpret the statute to exclude from immunity resident physicians are without merit. Because there are no genuine issues of material fact, summary judgment is granted as to defendants Mark Fox, Sherry Folse, David Dodd, Peter Turk, and Andrew Kaplan.

IT IS SO ORDERED.