**Billy R. THOMPSON, Plaintiff,**

v.

**The REGIONAL MEDICAL CENTER AT MEMPHIS; Mark Fox, M.D.; Timothy Fabian, M.D.; University of Tennessee Physicians Foundation, Inc.; Andrew Kaplan, M.D.; Sherry Folse, M.D.; Robert E. Gold, M.D.; Helen Weiner–Muram, M.D.; David Dodd, M.D.; Kenneth Kudsk, M.D.; Bryan Troop, M.D.; and Peter Turk, M.D., Defendants.**

No. 88–2525–4A.

United States District Court, W.D. Tennessee, W.D.

Jan. 2, 1991.

James S. Cox, Memphis, Tenn., for plaintiff.

Gavin Gentry, Mark S. Norris, Teresa Sigmon, Memphis, Tenn., Ronald C. Leadbetter, Associate Gen. Counsel, Knoxville, Tenn., JoAnn C. Cutting, Asst. Gen. Counsel, J. Kimbrough Johnson, Gary K. Smith, Memphis, Tenn., for defendants.

## ORDER DENYING MOTION TO RECONSIDER

McRAE, Senior District Judge.

Presently before the Court is the motion of plaintiff Billy R. Thompson to have this Court reconsider its August 23, 1990 order granting summary judgment in favor of defendants David Dodd, Sherry Folse, Mark Fox, Andrew Kaplan, and Peter Turk. 748 F.Supp. 575. In its August 23, 1990 order, this Court found that no genuine issues of material fact existed as to whether defendants were state employees and whether they were acting within the scope of their employment when they treated plaintiff at the Regional Medical Center. Therefore, this Court concluded that defendants were absolutely immune from liability under the Tennessee Claims Commission Act, Tenn.Code Ann. § 9–8–301 *et seq.*

In support of its motion, plaintiff argues that the Tennessee Claims Commission Act is unconstitutional as applied to this case because it limits the scope of this Court's jurisdiction over plaintiff's medical malpractice claims which are properly before the Court. The authorities plaintiff relies on stand for the proposition that a state may not limit federal jurisdiction by conferring exclusive jurisdiction upon its own courts when requisite diversity of citizenship and amount in controversy exist for the exercise of jurisdiction. The Tennessee Claims Commission Act does not deprive this Court of jurisdiction over plaintiff's claims against defendants in their individual capacity.[1] Rather, it grants absolute immunity to those defendants.

In an action based on diversity of citizenship a federal court must apply the substantive law of the state in which it sits. *Guaranty Trust Co. of New York v. York,* 326 U.S. 99, 108–09, 65 S.Ct. 1464, 1469–70, 89 L.Ed. 2079 (1945). The law of Tennessee grants absolute immunity to state employees acting within the scope of their employment. Tenn.Code Ann. § 9–8–307(h).

Plaintiff also contends that issues of fact remain as to whether defendants are employees of the State of Tennessee. However, plaintiff has failed to raise any factual or legal arguments regarding the issue of employment that were not before the Court when it granted defendants' second motion for summary judgment. Accordingly, this Court finds no basis for granting plaintiff's motion to reconsider and plaintiff's motion is hereby denied.

IT IS SO ORDERED.

---

1. The Tennessee Claims Commission Act confers exclusive jurisdiction to the Tennessee Claims Commission over all monetary claims against the State of Tennessee. Tenn.Code Ann. § 9–8–307(a)(1). This Court lacks subject matter jurisdiction over monetary claims against the State of Tennessee pursuant to the Eleventh Amendment to the United States Constitution.